*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 06, 2025
2:15 PM

Plaintiff-Appellee,

v

No. 366860
Wayne Circuit Court
LC No. 21-005579-01-FH

TIMOTHY JAY BAIN,

Defendant-Appellant.

Before: MALDONADO, P.J., and LETICA and WALLACE, JJ.

LETICA, J. (*concurring*).

I agree with the majority that defendant has not shown prejudice from the judicial reassignment, but I write separately as to the first issue. In my view, defendant, citing to *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963), raises a claim that his right to due process was violated because the prosecution failed to turn over the litigation packet[1] used by its expert to opine on defendant's blood-alcohol level during trial.

To establish a *Brady* violation, defendant must show (1) the prosecution suppressed evidence[2] (2) that is favorable, and (3) that is material. *People v Chenault*, 495 Mich 142, 150;

---

[1] Defendant filed discovery requests for this information, including "underlying GC [Gas Chromatography], GCMS [Gas Chromatography Mass Spectrometry], and/or HPLC [High-Performance Liquid Chromatography] documents[.]" (Emphasis omitted.) Defendant also filed a motion for remand, requesting a hearing to establish that he suffered prejudice under *Brady*, which this Court denied. *People v Bain*, unpublished order of the Court of Appeals, entered November 15, 2024 (Docket No. 366860).

[2] In establishing this prong, "[t]he government is held responsible for evidence within its control, even evidence unknown to the prosecution, *Kyles v Whitley*, 514 US 419, 437; 115 S Ct 1555: 131 L Ed 2d 490 (1995), without regard to the prosecution's good or bad faith, *United States v Agurs*, 427 US 97, 110; 96 S Ct 2392; 49 L Ed 2d 342 (1976) ('If the suppression of evidence

845 NW2d 731 (2014). Evidence that is exculpatory or impeaching is considered favorable. *Id*. To prove materiality, defendant "must show that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citation omitted.)

Defendant has not provided any evidence to show that the litigation packet would have been exculpatory. Instead, he simply asserts the underlying data was exculpatory because the Michigan State Police's (MSP's) Forensic Laboratory committed an error when calculating his blood-alcohol level.[3] Defendant, however, fails to provide the underlying data or an independent analysis of the underlying data to show that the expert's calculation was incorrect or erroneous.[4] Nor does defendant present evidence suggesting the MSP Laboratory result was tainted.[5]

Similarly, defendant asserts that he could not effectively impeach the prosecution's expert without the litigation packet. But, yet again, defendant fails to demonstrate what was in the underlying data that would have impeached the expert's testimony. For these reasons, defendant has not established that a *Brady* violation occurred, *Chenault*, 495 Mich at 150, and I agree that he is not entitled to relief.

/s/ Anica Letica

---

results in constitutional error, it is because of the character of the evidence, not the character of the prosecutor.')." *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014).

[3] Defendant relies upon *People v Carroll*, unpublished opinion of the Court of Appeals, issued September 5, 2024 (Docket No. 369099), p 1, where the defendant was charged with operating a vehicle while intoxicated, third offense, in August of 2022. The defendant moved to suppress the MSP Laboratory's blood-alcohol level determination, contending that "it was based on unreliable principles and methodologies." *Id*. Although defendant's expert identified issues during the MSP Laboratory's testing that, in his opinion, rendered the blood-alcohol results invalid, MSP Laboratory forensic toxicology experts explained why the result remained valid. *Id*. at 2-5. Ultimately, this Court remanded to the trial court to "explain how it [had] determined that the blood alcohol analysis was reliable[.]" *Id*. at 7. Thus, there was no determination in *Carroll* that the tests performed rendered an invalid result.

[4] The MSP Forensic Laboratory tested only one of the two vials of blood drawn from defendant. Thus, there was an additional sample available if independent testing was requested. Nothing in the record reflects that defendant sought an independent blood test.

[5] See footnote 3.